## EMPLOYEE INJURED IN ELEVATOR SHAFT.

Circuit Court of Summit County.

JAMES L. DILWORTH v. GEORGE W. CARMICHAEL.

Decided, October 12, 1910.

*Negligence—Fellow-Servant—Judgment on Pleadings—Assuming Facts Not Stated Therein.*

In an action for personal injuries resulting from failure to give a signal before an elevator was lowered in a shaft where plaintiff was compelled to work, it is error to assume that the failure to give the signal was due to the negligence of a fellow-servant, and to render judgment on the pleadings for the defendant, where the pleadings do not state the specific employee whose duty it was to give the signal.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was a personal injury damage case in which judgment was rendered on the pleadings in favor of the defendants.

The second amended petition alleges that plaintiff was working upon a platform erected around the exterior of an elevator shaft at a height of about twenty feet from the ground; that he was obliged in the doing of his work to allow his head or some portion of his body to extend inside the elevator shaft and in the path of the ascending or descending elevator.

The petition further alleges:

"Plaintiff further says that a whistle had been placed by said defendants on the top of said derrick for the purpose of giving warning to employees or any other persons when said elevator was about to be lowered; that prior to said 3d day of July, A. D. 1909, and prior to said accident on said day it had always been the custom of the defendants to give warning of the descent of said elevator by blowing said whistle; that this defendant and other employees while working on said derrick had always been able and accustomed to protect themselves from any and all danger from the lowering of said elevator by reason of the warning given by means of said whistle; that this plaintiff and other employees while working on and about said derrick had continuously and habitually depended and relied upon the

blowing of said whistle to warn them when said elevator was about to be lowered; and that this plaintiff had, at any and all times prior to said whistle always been able to secure a place of safety before said elevator was lowered.

"Plaintiff further says that said defendants always had knowledge that employees were working in and about said derrick, and that it was exceedingly dangerous to lower said elevator without the customary warning being given, by blowing of said whistle as aforesaid.

"Plaintiff further says that it was impossible to perform any of his labor on said derrick without placing himself in a dangerous position if said elevator should be released or lowered without blowing said whistle or warning having been given, but that said position was not necessarily dangerous for any other reason except as above stated; that defendants had knowledge of this fact.

"That said defendants having put said plaintiff in the position as aforesaid failed and neglected to use reasonable care to protect plaintiff while he was thus engaged from any danger to which plaintiff was exposed in the performance of his said duty, but said defendants did not protect said plaintiff from danger by blowing said whistle or giving him any warning whatever that said elevator was about to be lowered, but on the contrary the said foreman carelessly and negligently went away from said work while plaintiff was repairing said derrick and unknown to the plaintiff left or provided no one to warn said plaintiff or to protect him in his place of danger; that plaintiff was not warned by any means or in any manner that said elevator was about to be lowered; that the defendants negligently and wrongfully by its servants or agents, to-wit, their engineer, whose name plaintiff is ignorant of, without any notice or warning to plaintiff as aforesaid, put said elevator in motion whereby plaintiff was injured.

"Plaintiff further says that said injury occurred from no fault or neglect on his part, but solely and only from reason of defendants carelessly and negligently failing to warn him in his place of danger that said freight elevator was about to be lowered and in failing to provide anybody for that purpose and by carelessly and negligently putting said elevator in motion."

The only theory on which the judgment can be sustained is the one that was urged by counsel for defendant in error that this petition shows upon its face that it was the duty of the

engineer to give the signal and that he being a fellow-servant of the defendant, the company is not liable for this negligence in this respect.

We do not agree with this conclusion regarding the averments of the petition.

It is nowhere in the petition stated that it was the duty of the engineer to give the signal. True, it is stated that the engineer "without notice or warning to plaintiff put said elevator in motion, whereby plaintiff was injured," but it may have been some other person's duty to give the signal.

The petition states affirmatively that the *foreman* "provided no one to warn the plaintiff" and that the *company* was negligent "in failing to provide anybody for that purpose." This negatives any inference otherwise to be deduced that the engineer was the person to blow the whistle which was a long distance from him, on top of the elevator, while he was on the ground.

It is likely, on the hearing, it may develop that it was the engineer's duty to give the signal, but the trial judge should not have assumed such a fact, before it developed. There was an issue on this point, for the pleadings do not concede that it was the engineer's duty to give the signal.

Judgment reversed for error in rendering judgment on the pleadings.